**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00105-001-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Francisco Javier Lara, | |
| Defendant. | |

Defendant Francisco Javier Lara was convicted based on a guilty plea of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. (Doc. 42.) On July 30, 2019, the Court sentenced him to a 40-month term of imprisonment followed by a 5-year term of supervised release. (*Id.*) Currently pending before the Court is Defendant's Motion for Reduction of Sentence. (Doc. 45.) In the Motion, Defendant requests that he be released to home confinement pursuant to 18 U.S.C. § 3624(c)(2). (*Id.*) Defendant argues that he "meets all of the criteria for home confinement detention," has no criminal history or history of violence, and has exhibited excellent institutional behavior. (*Id.* at 2.) He avers that he will reside with his mother in Tucson, Arizona, if released. (*Id.*) Defendant attaches to his Motion a letter dated February 24, 2021 that he sent to Warden C. Carter of the Federal Correctional Institution ("FCI")—Florence. (Doc. 45-1 at 2-3.) In the letter, Defendant requests home confinement and expresses a fear of contracting COVID-19. (*Id.*) Defendant avers that he received no response to the letter. (Doc. 45 at 1.)

The Government filed a Response in opposition to Defendant's Motion. (Doc. 49.) In the Response, the Government argues that nothing in 18 U.S.C. § 3624(c)(2) authorizes the Court to order home confinement, and even if the Court did have such authority, Defendant fails to provide any documentation supporting his request. (*Id.* at 2-3.) The Government further argues that, if the Court were to construe Defendant's Motion as requesting compassionate release, Defendant has not shown that he exhausted administrative remedies and has not specified any medical condition that would place him at heightened risk of serious illness if he contracted COVID-19. (*Id.* at 3.) Furthermore, the Government notes that Defendant tested positive for COVID-19 in December 2020 and was asymptomatic, and that he was offered a COVID-19 vaccine in March 2021 but refused it. (*Id.*; *see also* Docs. 49-1 and 49-2.)

Defendant did not file a reply, but he filed a Supplement (Doc. 50) containing emails that he sent to FCI staff, in which he requests to participate in the RDAP program and complains of a possible staph infection on his arm and leg. (Doc. 50-1.) Defendant avers that the emails relate to the letter he sent to the Warden of FCI—Florence and should be considered by the Warden and the Court. (Doc. 50.)

Pursuant to 18 U.S.C. § 3624(c)(2), the Bureau of Prisons may place a prisoner in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The CARES Act allows the Director of the Bureau of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2), "if the Attorney General finds that emergency conditions will materially affect" BOP functioning during the national COVID-19 emergency period. Pub. L. 116-136 ¶ 12003(b)(2) (Mar. 27, 2020). However, "[w]hile the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic," district courts lack jurisdiction to order home confinement under 18 U.S.C. § 3624(c)(2). *United States v. Carlucci*, No. 10-00464-01-KHV, 2020 WL 2527013, at *3 (D. Ariz. May 18, 2020), *aff'd*, 848 F. App'x 339 (9th Cir. 2021). Accordingly, this Court has no authority to grant the relief requested

by Defendant.

Even if the Court were to construe Defendant's Motion as seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the Motion fails. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1] 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts his administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on his behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id.*

Defendant has not shown that he exhausted administrative remedies for purposes of 18 U.S.C. § 3582(c)(1)(A), because he has not shown that he filed a request for compassionate release (as opposed to home confinement) with the warden of his facility. Furthermore, Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction in his sentence, as he has not shown that he suffers from any medical conditions that make him susceptible to serious illness from COVID-19. In fact, the evidence submitted by the Government shows that Defendant tested positive for COVID-19 in December 2020 and was asymptomic. (Doc. 49-1.) Furthermore, Defendant was offered but refused to take the Moderna COVID-19 vaccine in March 2021. (Doc. 49-2.) Defendant's "decision not to take advantage" of the COVID-19 vaccine "undercuts his argument that COVID-19 is a serious threat to his health which justifies his immediate release." *United States v. Germano*, No. 17-40044-TSH, 2021 WL 1862202, at *3 (D. Mass. May 10, 2021).

As the Court is not authorized to grant Defendant's requested relief under 18

---

[1] The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). The Ninth Circuit explained that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

U.S.C. § 3624(c)(2), and relief under 18 U.S.C. § 3582(c)(1)(A) is unwarranted,

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence (Doc. 45) is **denied**.

Dated this 20th day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge